IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JULIO C. LISCANO and<br>JUAN I. CUENEO,<br>    Plaintiffs, | )<br>)<br>)<br>) | |
| v. | ) | CIVIL ACTION NO. 17-557-CG-N |
| WILLIAM A. STEGALL, *et al.*,<br>    Defendants. | )<br>)<br>)<br>) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs Julio C. Liscano and Juan I. Cuneo's Motion to Remand. (Doc. 3). This motion has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(b). In reaching its decision, the undersigned has considered the Notice of Removal (Doc. 1), the Motion to Remand (Doc. 3), the Response in Opposition filed by Defendant William A. Stegall[1] (Doc. 7), Plaintiffs' Reply (Doc. 8), and related exhibits. Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiffs Julio C. Liscano and Juan I. Cuneo's Motion to Remand (Doc. 3) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Mobile County, Alabama.

---

[1] The caption of Defendant's response in opposition lists Geico General Insurance Company ("Geico") as a Defendant in this matter. (Doc. 7 at 1). However, per the Notice of Removal, Geico was dismissed as a defendant on August 29, 2017. (Doc. 1 at 2).The Notice of Removal was filed December 19, 2017. (Doc. 1). Therein, Defendant notes that even if Geico were still a defendant, diversity would not be destroyed. (Doc. 1 at 2, n. 1.

1

## I. Background

On August 16, 2017, Plaintiffs Julio C. Liscano and Juan I. Cuneo[2] filed this action in the Circuit Court of Mobile County, Alabama alleging that they were involved in a motor vehicle collision on Interstate 10 in Mobile County, Alabama on November 5, 2015. (Doc. 1-1). Plaintiffs were travelling in the same vehicle, and allege that Defendant William Stegall ("Defendant") struck that vehicle from behind, causing an accident resulting in serious injuries. (Doc. 1-1 at 6-7; Doc. 3 at 1).

Plaintiff Cuneo seeks compensatory and punitive damages for medical injuries (including knee and shoulder surgery), physical pain and mental anguish, and lost wages. (Doc. 3 at 2, ¶ 7). Plaintiff Liscano seeks compensatory and punitive damages for medical injuries, physical pain and mental anguish, and lost wages. (*Id.*).

On November 15, 2017, Plaintiffs provided interrogatory responses to Defendant. Therein, Liscano and Cuneo stated they were claiming $70,000 and $72,000 in lost wages, respectively. (Doc. 3 at 3, ¶ 11; Doc. 7 at 11). The responses also indicated that additional documentation pertaining to medical damages were forthcoming. (Doc. 7 at 11). On November 20, 2017, Defendant received additional documentation from Plaintiffs, which Defendant claims established the requisite amount in controversy, permitting Defendant's removal of the action to this court. (*Id.*).

On December 19, 2017, Defendant removed the case to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). On January 17, 2018,

---

[2] The Plaintiffs will be referred to collectively as "Plaintiffs" or separately as "Liscano" or "Cuneo," herein.

Plaintiffs timely moved to remand, arguing Defendant's December 19, 2017 removal was untimely pursuant to 28 U.S.C. § 1446(b)(1) and (3). (Doc. 3)

II.     Analysis

   A.     **Jurisdiction Generally**

There can be no doubt but that "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). *See also Allen v. Christenberry,* 327 F.3d 1290, 1293 (11th Cir. 2003) ("removal statutes should be construed narrowly, with doubts resolved against removal[]"); *Univ. of South Ala.,* 168 F.3d 405, 411 (11th Cir. 1999) (internal citation omitted) ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly....Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court[]"); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (internal citations omitted) ("[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree[]"). Moreover, the removing defendant must bear "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 at n. 4 (11th Cir. 1998). *See also McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction[]"). Stated differently, because federal courts are courts of limited

3

jurisdiction "[i]t is…presumed that a cause lies outside this limited jurisdiction…and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen,* 511 U.S. at 377 (internal citations omitted).

### B. Complete Diversity and Amount in Controversy

Defendant's removal is premised on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). The parties do not contest diversity of citizenship or that the amount in controversy exceeded $75,000 at the time of removal.[3] (Doc. 1 at 7, ¶¶ 18-22; Doc. 3, generally). The undersigned's independent review of the record indicates that these jurisdictional requirements are satisfied.

### C. Timeliness of Removal

Plaintiff argues that Defendant's December 19, 2017 removal was untimely pursuant to 28 U.S.C. § 1446(b)(1) and/or (b)(3). Congress, through § 1446(b), has established a "bifurcated removal approach," under which a state court defendant may remove a case to federal court at two procedurally distinct moments in time. *Lee v. Lilly Trucking of Va., Inc.,* 2012 WL 960989, at *1 (M.D.Ala. Mar. 21, 2012).

> First, if it is facially apparent from the initial pleading that subject matter jurisdiction exists, § 1446(b)(1) provides the procedure for removal. Such a removal must be accomplished "within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action is based...." § 1446(b)(1). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...." § 1446(b)(3)[.]

---

[3] Per the Complaint, Plaintiffs were citizens and residents of Texas at the time of the collision. (Doc. 1-1). At the time of removal, Plaintiffs were both residents of Florida. Defendant was a citizen and resident of Louisiana at the time of the accident and at the time of removal. (Doc. 1-1).

4

*Id.* (internal citations omitted).

"The first way (formerly referred to as 'first paragraph removals') involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. *See* 28 U.S.C. § 1446(b)(1). The second way (formerly referred to as 'second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.' 28 U.S.C. § 1446(b)(3)." *Jones v. Novartis Pharm. Co.,* 952 F. Supp. 2d 1277, 1281-82 (N.D. Ala. 2013)(footnote omitted). "The now-defunct distinction between 'first paragraph' and 'second paragraph' removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112–63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing 'first paragraph' and 'second paragraph' removals is still applicable despite its outdated terminology." *Id.* at 1281 n. 3.

On November 15, 2017, Plaintiffs provided interrogatory responses to Defendant in which Liscano and Cuneo stated they were claiming $70,000 and $72,000 in lost wages, respectively. (Doc. 3 at 3, ¶ 11). Plaintiffs argue that the November 15, 2017 responses provided to Defendant made it possible for Defendant to ascertain that this case was removable, starting the clock on the 30 day time limit for removal. If so, in order to be timely, Defendant should have removed this matter

on or before December 15, 2017. Thus, according to Plaintiffs, Defendant's December 19, 2017 removal was untimely, and remand is required.

Defendant argues that the December 19, 2017 removal was timely because Plaintiffs indicated they were going to produce additional documentation regarding the amount of medical damages each plaintiff sought to recover. Defendant argues that he was "obligated to wait until he received Plaintiffs' document production on November 20, 2017 which contained the medical bill." (Doc. 7 at 11, § B). In essence, Defendant argues that the amount in controversy was not ascertainable until November 20, 2017 and that Defendant's December 19, 2017 removal was timely as a result.[4]

The undersigned must determine whether Defendant's November 15, 2017 receipt of "other paper" (*i.e.* the interrogatory responses) permitted Defendant to "first [] ascertain[] that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See also Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003) ("The time limit of § 1446(b) is mandatory and must be strictly applied.")(internal quotations and citations omitted). Even assuming the wage amounts were the first and only numbers pertaining to the amount in controversy Defendant had received, the undersigned finds that he could have ascertained that

---

[4] The parties have also included discussions regarding aggregation of claims in their briefing. Section 1332(a)'s amount-in-controversy requirement does not allow the claims of multiple plaintiffs to be aggregated to reach the jurisdictional threshold. *Zahn v. Int'l Paper Co.,* 414 U.S. 291, 301 (1973), *superseded by statute on other grounds as stated in Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 566-67 (2005). The claims of at least one of the individual plaintiffs must exceed the amount-in-controversy threshold for the Court to assert diversity jurisdiction. *See Exxon Mobil*, 545 U.S. at 559 (holding that if the claims of a single plaintiff meet the jurisdictional threshold, the court may assert supplemental jurisdiction over additional plaintiffs' claims).

each Plaintiff's damages exceeded the amount in controversy requirement based on receipt of the lost wages amounts, and review of the alleged damages contained in the Complaint. Long before the receipt of the claims for lost wages, Defendant was in possession of Plaintiffs' Complaint (Doc. 1-1), which included demands for punitive damages, compensatory damages for pain, mental anguish, and past and future medical treatment related to the accident. The Complaint also indicated that Plaintiff Cuneo's injuries required surgery and hospitalization, and that Plaintiff Liscano's injuries required treatment and hospitalization. On November 15, 2017, upon receipt of the interrogatory responses, Defendant was aware that Plaintiff Cuneo's damages were only $3,000.01 less than the required amount in controversy and Plaintiff Liscano's damages were only $5,000.01 less than the required amount in controversy. Given the damages other than lost wages alleged in the Complaint, it is inconceivable that the amount in controversy would not have exceeded the jurisdictional threshold for at least one Plaintiff. An alternate conclusion would require belief that Liscano's demands for punitive damages, compensatory damages for pain, mental anguish, and past and future medical treatment (which required treatment and hospitalization) amount to less than $5,000.01 and that Cuneo's demands for the same (including treatment, surgery, and hospitalization) amount to less than $3,000.01.

As this Court has previously held, "[T]he Court must determine at what points Defendant[] could have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court." *Naef v. Masonite Corp*. 923 F. Supp. 1504, 1513 (S.D. Ala. 1996). Even if Stegall had not yet received the medical bills, based on the contents of the

7

Complaint, the type of injuries and damages described, combined with the demands for $72,000 and $70,000 in lost wages, Defendant could have determined that that the amount in controversy exceeded $75,000 and that this case was removable on November 15, 2017. Thus, the deadline to remove this case was December 15, 2017, and Defendant's December 19, 2017 removal was untimely.[5]

## III. Conclusion

For the reasons set forth above, it is **RECOMMENDED** that Plaintiffs' Motion to Remand (Doc. 3) be **GRANTED** and that this action be **REMANDED** to the Circuit Court of Mobile County, Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything

---

[5] Plaintiffs have also argued that removal was untimely pursuant to § 1446(b)(1), which states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). The parties do not dispute that the amount in controversy cannot be determined from the face of the initial pleading. Rather, Plaintiff's "first paragraph" argument is that Defendant's removal was untimely pursuant to § 1446(b)(1) because "Defendant had actual knowledge that Plaintiffs claimed medical bills far exceeding $75,000 based on specific and detailed disclosures made in pre-suit negotiations." (Doc. 3 at 5). As Defendant's § 1446(b)(3) was untimely, and remand is required, the Court need not make a determination with regard to the applicability of § 1446(b)(1). The Court acknowledges, however, that both parties' arguments with regard to § 1446(b)(1) pertain to disclosures provided to Geico (Defendant's insurer) in connection with negotiations between Plaintiffs and Geico. Geico was dismissed from this action prior to Defendant's removal. The record is unclear whether the same counsel represented both Geico and Defendant, and the parties do not differentiate between materials provided to Geico and materials provided to Defendant. Thus, it is unclear *what* Defendant may have been aware of with regard to the amount in controversy during pre-suit negotiations and *when* he may have been made aware. However, the undersigned need not delve further into this inquiry as remand is required under § 1446(b)(3).

8

in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this **30th** day of **March 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**